IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

GRACIELA V.,

Plaintiff,

v.

COMMISSIONER, SOCIAL SECURITY ADMINISTRATION,

Defendant.

Case No. 6:25-cv-01343-YY

OPINION AND ORDER

YOU, Magistrate Judge.

Plaintiff filed her disability applications under Title II and XVI on June 25, 2021. The claims were denied initially on June 1, 2022, and upon reconsideration on November 29, 2022. The record shows that plaintiff was represented by counsel at least as of July 21, 2022, when she appealed the initial denial. Tr. 110.

On September 19, 2023, plaintiff's counsel contacted the agency to inquire about the status of plaintiff's claim and learned that it had been denied. Tr. 12. On September 22, 2023, plaintiff's counsel wrote a letter to the agency explaining that they had not been able to timely appeal due to lack of notice. Tr. 74. Counsel filed a request for a hearing on October 18, 2023, less than 30 days after becoming aware that plaintiff's claim had been denied. Tr. 12. In the request for hearing, plaintiff's counsel explained that he had never received the November 2022 notice of the disapproved claim and was unaware of the denial. *Id.*

On May 16, 2024, the ALJ issued an Order of Dismissal stating "the request for hearing dated October 18, 2023, is dismissed and the reconsideration determination dated November 29,

2022, remains in effect." Tr. 19. The ALJ also issued a Notice of Dismissal stating he was "dismissing your request for a hearing." Tr. 15.

On appeal, plaintiff frames the issue as "whether the ALJ erred by improperly dismissing plaintiff's request for hearing." Pl. Br. 2. The regulations for both Title II and Title XVI proceedings provide that the request for a hearing "must be filed . . . [w]ithin 60 days after the date you receive notice of the previous determinations or decision[.]" 20 C.F.R. 404.933(b)(1); 20 C.F.R. 416.1433(b). An extension can be requested in writing, and both regulations say, "If you show that you had good cause for missing the deadline, the time period will be extended." 20 C.F.R. 404.933(c); 20 C.F.R. 416.1433(c). In determining whether good cause exists, the agency uses the standards set forth in 20 C.F.R. 404.911 and 20 C.F.R. 416.1411. *Id.* As pertinent here, these standards include "what circumstances kept the claimant from making the request on time," and "[e]xamples of circumstances" include that the claimant "did not receive notice of the determination or decision." 20 C.F.R. 404.911(a)(1), (b)(7).

In his order, the ALJ cited the pertinent regulations, including the good cause standard. Tr. 18-19. The ALJ acknowledged that plaintiff was claiming good cause existed because her attorney did not receive the reconsideration determination. Tr. 19. However, the ALJ observed the file showed that copies of the notice were mailed to both plaintiff and her attorney, and the ALJ concluded "[b]oth the claimant and her representative received copies of the reconsideration determination which contained instructions and the appropriate deadline for filing an appeal." *Id.* The ALJ found that "[w]hile the claimant has limited education, the file shows the claimant is able to complete forms such as the Work History Report and Function Report which reflect an ability to read and understand, as well as complete forms in English." *Id.* The ALJ further found that "[t]he submitted documentation also includes the claimant's allegations which include

physical impairments and no mental impairments which may impede the claimant's ability to communicate with her representative or file an appeal." *Id.*

"Cases arising under the Social Security Act generally are not subject to review unless they challenge a 'final decision of the Secretary made after a [statutorily mandated] hearing.'" *Dexter v. Colvin,* 731 F.3d 977, 980 (9th Cir. 2013) (alteration in original) (quoting 42 U.S.C. § 405(g); citing *Califano v. Sanders,* 430 U.S. 99, 108, 97 S.Ct. 980, 51 L.Ed.2d 192 (1977)). "Because the SSA's decision whether, for good cause shown, to entertain an untimely hearing request . . . is strictly discretionary, it is not final and thus not generally reviewable by a district court." *Id.* (citations omitted). "An exception to this rule exists for any colorable constitutional claim of due process violation that implicates a due process right either to a meaningful opportunity to be heard or to seek reconsideration of an adverse benefits determination." *Id.* (quotation omitted).

Thus, this court lacks jurisdiction to review the ALJ's discretionary decision finding that good cause did not exist to grant the untimely hearing request. *See Dexter*, 731 F.3d at 981 ("Dexter is *not* entitled to judicial review of the merits of the ALJ's good-cause decision.") (emphasis in original); *Munson v. Berryhill*, No. C16-5737-TSZ, 2017 WL 3225499, at *2 (W.D. Wash. July 31, 2017) ("An ALJ's decision whether, for good cause shown, to entertain an untimely hearing request or to reopen an earlier application is strictly discretionary, not final, and thus is not generally reviewable by a district court."); *Parker v. Comm'r, Soc. Sec.*, No. CV GLR-17-3310, 2018 WL 3740711, at *1 (D. Md. Aug. 7, 2018), *report and recommendation adopted,* No. CV GLR-17-3310, 2018 WL 5309790 (D. Md. Sept. 5, 2018) (finding the court's "jurisdiction is limited to reviewing decisions made by the SSA after a hearing, and no such decision was rendered in [the plaintiff's] claim because a hearing was not held" and the propriety

of reviewing the ALJ's decision to deny a request for a hearing as untimely "cannot be considered by this Court, because this Court lacks subject matter jurisdiction").

Plaintiff does not use the words "due process" or otherwise assert a due process violation. *See Klemm v. Astrue*, 543 F.3d 1139, 1144 (9th Cir. 2008) ("A 'mere allegation of a due process violation' is not a colorable constitutional claim."); *Daneka M. v. Saul*, No. C19-1560-MAT, 2020 WL 2199493, at *4 (W.D. Wash. May 6, 2020) (observing "[a]n agency's failure to follow its own regulations does not, standing alone, establish a violation of due process," . . . "[n]or does a challenge to the merits of an ALJ's decision regarding good cause set forth a constitutional claim") (citing *Brown v. Holder*, 763 F.3d 1141, 1148 (9th Cir. 2014); *Dexter*, 731 F.3d at 981. But even if she had raised a due process claim, the ALJ considered plaintiff's argument regarding why good cause existed and explained why he rejected it, thereby satisfying due process requirements. *See Dykens v. Comm'r of Soc. Sec. Admin.*, No. CV-18-08330-PCT-JAT, 2019 WL 4468083, at *3 (D. Ariz. Sept. 18, 2019), *vacated and remanded on other grounds sub nom. Dykens v. Saul*, No. 19-17322, 2020 WL 6742703 (9th Cir. May 21, 2020) ("Because the ALJ addressed Plaintiff's ground for good cause, Plaintiff fails to state a colorable due process claim.").

## CONCLUSION

This case is dismissed for lack of jurisdiction.

IT IS SO ORDERED.

DATED September 29, 2026.

/s/ Youlee Yim You

Youlee Yim You
United States Magistrate Judge